USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CURTIS STALLWORTH,

       Plaintiff,

-v-

STATE OF NEW YORK, et al.,

       Defendants.

------------------------------------------------------------X

16 Civ. 3059 (PAE) (BCM)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

  Before the Court is the July 27, 2017, Report and Recommendation of the Hon. Barbara C. Moses, United States Magistrate Judge, Dkt. 44 (the "Report"), recommending that the Court grant defendants' motion to dismiss Curtis Stallworth's First Amended Complaint ("FAC"). The FAC claims that defendants (1) violated Stallworth's First Amendment right to free speech by attempting to force him to study and sit for the New York State notary exam, (2) retaliated against him following his protests by subjecting him to a counseling session addressing his workplace behavior and refusal to become a notary, and by placing a memorandum in his personnel file—without including his refutation—memorializing both his counseling session and his refusal to comply with the notary directive, (3) violated his Thirteenth Amendment right to be free from slavery and involuntary servitude by attempting to force him to become a notary without offering additional compensation, (4) retaliated against him for seeking to vindicate his Thirteenth Amendment rights, (5) violated his Fourteenth Amendment rights to liberty, privacy, and due process by attempting to force him to become a notary, (6) retaliated against him for seeking to vindicate his Fourteenth Amendment rights, and (7) defamed him. Stallworth brings

the first six claims under 42 U.S.C. § 1983 and the seventh under state law. The Report recommends dismissal of all seven claims pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, dismissal of the first six claims pursuant to Rule 12(b)(6) and of the seventh pursuant to Rule 12(b)(1).

For the following reasons, the Court adopts the recommendation of the Report's Section D as to Stallworth's lack of standing and dismisses Stallworth's first six claims under Rule 12(b)(1). The Court declines to exercise supplemental jurisdiction over Stallworth's seventh, state-law claim.

## I. Background

The following summary is drawn from the account of the facts provided in the Report, Stallworth's First Amended Complaint, Dkt. 23 ("FAC"), and Stallworth's objections to the Report. Dkt. 45 ("Obj."). This summary reflects a liberal construction of Stallworth's submissions, in light of his *pro se* status. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The Report's findings are also incorporated herein by reference.

The FAC alleges as follows: From September 28th, 2014 through July 29, 2015, Assistant Attorney General Melissa O'Neill and Bureau Chief Jane Azia repeatedly requested that Stallworth sit and study for the notary public exam. *See* FAC ¶¶ 20, 22, 27, 37, 46, 79, 189–90. Stallworth asserts that he consistently objected to those requests, *see id.* ¶¶ 24, 28, 117, 187–91, 204, believing that he could not be compelled to undertake such obligations as a member of the Public Employees Federation ("PEF"), *id.* ¶¶ 25, 31, that being a Legal Assistant 2 did not require him to do so, *id.*, that his doing so without additional compensation would effectuate "Income Inequality" and "Pay Inequity" syndromes, *id.* ¶¶ 26, 28, and that being forced to study without pay would violate his constitutional rights, *id.* ¶ 44. Stallworth also threatened to lodge a

formal protest with his union and sue responsible parties if they continued to mandate that he follow the directive. *See id.* ¶¶ 45, 49–51, 119–21, 129, 236–56.

This dispute, in conjunction with other workplace disagreements, ultimately led defendants Azia and O'Neill to schedule a "Counseling Session" with Stallworth on May 4th, 2015. *Id.* ¶ 96. In preparation for the session, Stallworth began researching the "13th Amendment . . . and cases involving slavery and involuntary servitude," *id.* ¶ 97, and contacted the Director of Human Resources, Robert Pablo, and Agency Labor Relations Representative 2, Shane LaVallee, regarding the notary directive, *id.* ¶ 100. Defendant LaVallee responded by informing Stallworth that the directive was "both proper and rightful," *id.* ¶ 105, and that failure to comply would amount to "insubordination," *id.* ¶ 111.

On May 4, 2015, defendants Azia and O'Neill conducted the counseling session with Stallworth. In the session, the parties discussed Stallworth's behavior, his refusal to prepare for and take the notary exam, and possible disciplinary consequences. *Id.* ¶¶ 114–92. Stallworth alleges that defendants Azia and O'Neill made numerous false statements during the meeting in an effort to retaliate against him for his failure to follow the notary directive. *Id.* Stallworth also offers that he rebutted each untrue statement. *Id.* ¶¶ 149–92.

On May 7, 2015, the defendants wrote and "maliciously published" a memo entitled "Inappropriate Workplace Conduct," outlining Stallworth's refusal to sit for the notary exam, the content of their May 4th counseling session, other workplace incidents, and possible punitive repercussions. *Id.* ¶¶ 197–207. The non-punitive memo was placed, per Stallworth's collective bargaining agreement, in his confidential Personal History File ("PHF") in Albany. R&R at 7 n.3. Stallworth's PHF is accessible only by qualified human resources staff and only for

business-related purposes. *Id.* Stallworth's PHF does not "follow" him to other New York State agencies and is inaccessible to them. *Id.*

Stallworth asserts that this memo violated his due process rights and was false, retaliatory, defamatory, and "published" to damage his reputation. FAC ¶¶ 193–94, 200, 417. Stallworth does not specify what he means by "published." It appears, however, that the memo was "published" insofar as "HR staff are allowed direct, open access" to the personal history file into which the memo was placed. *Id.* ¶ 234. On May 15, 2015, Stallworth met with PEF attorneys to discuss the directive. The outcome was not in Stallworth's "favor," however. *Id.* ¶ 249.

In the weeks and months following his meeting with PEF attorneys, Stallworth received job inquiries from various New York State agencies. *Id.* ¶¶ 255, 314–77. None of the inquiries turned into a job, however, and Stallworth asserts, on information and belief, that this was and will continue to be a consequence of the "published" memo. *Id.* ¶¶ 262–65, 312, 377; R&R at 10, 22. Stallworth further asserts that beyond these job opportunities, it is unlikely that he will be admitted to the New York State Bar. *Id.* ¶¶ 378–85. He bases this belief on his reading of a brochure, *id.* ¶¶ 380-84, and his speculation that, despite the confidential nature of the memo lodged in his personnel file in Albany, the memo is somehow widely available or distributed, *see id.* ¶¶ 194, 226, 230, 262-64, 323-31, 362, 395, 409, 422.

On July 29, 2015, Azia once again emailed Stallworth directing him to study and sit for the notary exam. *Id.* ¶ 266. This time, however, Stallworth's protests proved fruitful. Following a memo Stallworth dated August 21, 2015, the notary directive was withdrawn. *Id.* ¶¶ 287–90. Stallworth, however, desired that his reply be added to his personnel file or, otherwise, that the memo be removed. While the first request was apparently denied, *id.* ¶¶ 280–83, 296–98, 303,

4

the second request led to the redaction of the counseling memo. All references related to Stallworth's insubordination and refusal to comply with the notary directive were removed. *Id.* ¶ 299.

On November 23, 2015, Stallworth voluntarily left the OAG for a higher paying job with the New York State Division of Human Rights. R&R at 9.

On April 25, 2016, Stallworth filed his initial complaint in this action. Dkt. 1. On August 1, 2016, defendants filed a motion the dismiss the complaint, Dkt. 14, as well as a supporting memorandum of law, Dkt. 15, and declaration, Dkt. 16.

On September 12, 2016, Stallworth filed the FAC. Dkt. 23. On October 25, 2016, defendants filed a motion to dismiss the FAC, Dkt. 27, as well as a supporting memorandum of law, Dkt. 32, and declarations, Dkts. 29–30. On December 28, 2016, Stallworth filed a memorandum of law in opposition to the motion to dismiss. Dkt. 37. On February 15, 2017, defendants filed a reply. Dkt. 42.

On December July 27th, Judge Moses issued the Report, recommending that the Court grant the motion to dismiss the FAC on two grounds: (1) lack of standing pursuant to Fed. R. Civ. P. 12(b)(1) and (2) failure to state a claim pursuant to 12(b)(6).

On August 10, 2017, Stallworth filed his objections, largely, though not exclusively restating the allegations in his FAC. Dkt. 45. On August 24, 2017, defendants filed their response to Stallworth's objections. Dkt. 48.

## II. Applicable Legal Standards

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate's findings, the

district court must make a *de novo* determination as to those findings. *Id.* § 636(b)(1). However, if a party "makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (summary order). And, while *pro se* parties are, as always, treated leniently in making objections, their objections to a Report "must be specific and clearly aimed at particular findings." *Id.*

Here, Stallworth's objections are largely "an effort to reiterate [his] earlier arguments and the relevant portions of [his] objections are presented in a conclusory fashion, simply reflecting [his] disagreement with Judge [Moses's] conclusions." *Id.* Accordingly, the Court reviews for clear error. The Court notes, however, that it would reach the same conclusion reviewing the case *de novo*.

**III. Discussion**

Having carefully reviewed Judge Moses's Report, the Court adopts Judge Moses's recommendation of dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1). *See* Report at 11–25.

The Court finds no clear error in Judge Moses's careful analysis of the FAC and its infirmities as to subject-matter jurisdiction. Stallworth raises a series of generalized objections to the Report's determination that he lacked standing. Obj. at 7. Despite the solicitude due to a *pro se* plaintiff, objections to a Report still "must be specific and clearly aimed at particular findings." *Progressive Home Health Servs.*, 2008 WL 2811816, at *1. Such specificity is plainly lacking here—Stallworth simply reiterates that his FAC is sufficient and restates the elements of standing. Obj. at 7. The objection therefore identifies no clear error in Judge Moses's

6

conclusion that Stallworth does not sufficiently allege an injury-in-fact as required to maintain Article III standing. *See Gambles v. Sterling Infosystems, Inc.*, 234 F. Supp. 3d 510, 517 (S.D.N.Y. 2017) ("To establish Article III standing, a plaintiff must establish [*inter alia*, an] injury-in-fact, meaning 'an actual or imminent' and 'concrete and particularized' harm to a "legally protected interest." (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Stallworth also objects that the Report's legal determinations are based on an incomplete and inaccurate record. Obj. at 2. He attributes this error in part to the Court's exclusion of certain improperly filed exhibits and to the insufficient solicitude he believes he received in view of his *pro se* status. *Id.* at 3–6. Stallworth's allegations as to this point are similarly light on specifics. He does assert that the record is marred by one factual error and one possible mischaracterization in the Report: (1) that he was, in fact, hired as a Legal Assistant 2, not promoted to that position, *id.* at 5, and (2) that although he was a Legal Assistant 2 assisting in litigation, he was not truly a litigation paralegal given that his duties were largely clerical in nature. *Id.* at 4–5. Such small factual errors do not impact the core deficiencies of the FAC. And Stallworth's objection is in tension with his claim in his opposition brief that the FAC "gives an accurate and detailed accounting of all that occurred during the relevant period." Dkt. 35 at 2.

Stallworth further objects that he was given insufficient leniency given his *pro se* status. While the Report does note that Stallworth is a law school graduate who has assisted in litigation for over seven and a half years, R&R at 27, it does not deny that he is deserving of solicitude. Indeed, the Court provided Stallworth extra time to amend his original complaint and informed Stallworth that if he proceeded to oppose the defendants' motion to dismiss, he would no longer

be able to amend his complaint. Dkt. 19. Ultimately, even reviewing Stallworth's claims with the utmost latitude, the Court finds no clear error in the amount of leniency afforded Stallworth.

In his objections, Stallworth additionally raises, for the first time, a hostile work environment and constructive termination claim. Obj. at 6. It is well-settled, however, that a plaintiff may not raise new claims in his objections to a report and recommendation. *See, e.g., Pierce v. Mance,* No. 08 Civ. 4736 (LTS) (KNF), 2009 WL 1754904 at *1 (S.D.N.Y. June 22, 2009) (citing Fed. R. Civ. P. 72(b), which "does not provide that new claims may be raised in objections to a report and recommendation"), *report and recommendation adopted,* 2011 WL 1453795 (S.D.N.Y. Apr. 11, 2011). The Court, therefore, declines to review these new allegations.

Accordingly, the Court adopts Judge Moses's recommendation that Stallworth's federal claims be dismissed pursuant to Rule 12(b)(1). With all of Stallworth's federal claims dismissed, the court declines to exercise its supplemental jurisdiction to address Stallworth's state law defamation claim. 28 U.S.C. § 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction").

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Moses's recommendation as to standing and grants defendants' motion to dismiss the FAC. The Clerk of Court is directed to terminate the motion pending at Dkt. 27, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 28, 2017
New York, New York